IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREENTREE INNS HOTEL MANAGEMENT
GROUP, INC.,

          Plaintiff,                            No. 1:22-cv-00034-KG-JFR

v.

SDI HOTELS LLP, dba GREENTREE INN
AND SUITES

          Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR DEFAULT JUDGMENT

Upon consideration of Plaintiff's Motion for Default Judgment and having reviewed the record, the Court makes the following findings.

- This Court has personal jurisdiction over Defendant and venue is proper in this Court because Defendant is a New Mexico limited liability partnership with its principal place of business in Albuquerque, NM.[1]

- Service on Defendant was proper.

- This Court has jurisdiction over the subject matter of this case pursuant to federal trademark statutes, including 15 U.S.C. § 1125(a) *et seq.*

- Plaintiff federally registered, and has therefore owned, the GREENTREE INN & SUITES mark since 2016 (the "Mark").

---

[1] The Court notes that, in determining the citizenship of an unincorporated association for purposes of diversity, it must include all the entities' members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). However, because this Court exercises federal question jurisdiction, rather than diversity jurisdiction, the Court need not delve into the domicile of each entity holding an interest in Defendant SDI Hotels LLP.

- On September 13, 2021, Defendant willfully and intentionally infringed on Plaintiff's Mark by rebranding its hotel property located at 2120 Menaul Blvd NE, Albuquerque, NM (the "Property") as a GREENTREE INN & SUITES.
- Defendant's infringement on the Mark has continued, and is likely to continue, causing Plaintiff damages.
- Plaintiff's Mark is protectable and Defendant's use of an identical or similar mark is likely to cause confusion among customers.
- Defendant's improper use of the Mark is a counterfeit, as defined by 15 U.S.C. § 1116(d), and therefore this Court may award statutory damages in lieu of actual damages or profits. 15 U.S.C. § 1117(c).
- Because Plaintiff has not provided information on Defendant's profits, the Court finds extenuating circumstances exist and treble damages are not appropriate. 15 U.S.C. § 1117(b). However, a reasonable attorney's fee is appropriate because the violation consists of intentionally using the Mark, knowing the Mark is counterfeit, in connection with the sale or offering for sale of goods or services. 15 U.S.C. § 1117(b)(1).

WHEREFORE, this Court hereby enters Default Judgment against the Defendant as follows:

- Defendant is permanently enjoined from using the Mark at its Property and (within 14 calendar days of this Order) must remove all signage, marketing materials, and any other materials using the Mark, including online and internet promotional materials or reservation systems.

- Plaintiff is awarded statutory damages in the amount of $ 60,000.00 (sixty thousand dollars and no cents).

- Plaintiff is awarded attorneys' fees and costs in the amount of $9,925.50.

_____
UNITED STATES DISTRICT JUDGE

3